IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BILLY N. HAMMOCK,            *
                             *
     Petitioner,             *
                             *
v.                           *          CV 111-112
                             *
RONNIE STRENGTH, et al.,     *
                             *
     Respondents.            *

**O R D E R**

Presently pending before the Court is Petitioner's Motion for Reconsideration. (Doc. no. 9.) Based on the reasons set forth below, Petitioner's motion is **DENIED**.

**I. BACKGROUND**

On June 20, 2011, Petitioner was convicted of robbery pursuant to a guilty plea in the Superior Court of Richmond County and was sentenced to a term of twenty years of incarceration. (Doc. no. 1, 3-4.) On July 28, 2011, Petitioner filed a petition for writ of habeas corpus in this Court alleging that his sentence is illegal because of improprieties in jury selection and improper conspiratorial actions taken by state officials involved in his prosecution. (Id. at 7.) Petitioner also claimed that his guilty plea was not made knowingly and voluntarily. (Id. at 10-12.)

On September 12, 2011, this Court issued an Adoption Order dismissing the federal habeas petition without prejudice. (Doc. no. 7.) The Court held that Petitioner had failed to exhaust his state court remedies as he had not filed a direct appeal of his conviction or pursued collateral relief via a petition for state habeas corpus relief. See 28 U.S.C. § 2254(c).

On February 27, 2012, Petitioner filed the present motion seeking reconsideration of the Court's Adoption Order. Plaintiff indicates that he has filed a direct appeal and a state habeas petition. He also requests that the Court review the underlying merits of his federal habeas petition. He claims that there was a conspiracy to deprive him of his federal due process rights and that he was coerced into a guilty plea.

## II. STANDARD FOR RECONSIDERATION

Petitioner has not indicated which Federal Rule of Civil Procedure he relies on to assert his Motion for Reconsideration. A motion for reconsideration can be made pursuant to Rule 59 or Rule 60, Shaarbay v. State of Florida, 269 Fed. Appx. 866, 867 (11th Cir. 2008), and therefore the Court must determine the Rule under which Petitioner's motion is properly considered. See, e.g., Brown v. Spells, No. 7:11-cv-091, 2011 WL 4543905 (M.D. Ga. Sept. 30, 2011) (resolving whether a motion for reconsideration should be decided under Rule 59(e) or Rule 60(b)). When a motion for reconsideration of a judgment is

filed within the time period set forth in Rule 59(b)[1], the motion should be considered a motion to amend or alter a judgment pursuant to Rule 59(e), not Rule 60.  See Mahone v. Ray, 326 F.3d 1176, 1178 n. 1 (11th Cir. 2003) (confirming the propriety of distinguishing Rule 59(e) motions from Rule 60(b) motions based on whether the motion is filed inside or outside of the Rule 59(b) filing period). Because Petitioner filed his motion almost five months after the Court issued its Adoption Order, Petitioner's motion will be treated as a motion for relief from judgment pursuant to Rule 60.[2]

Rule 60(b) provides that a Court may relieve a party from judgment in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied.  Fed. R. Civ. P. 60(b)(1)-(5).  The catchall provision of Rule 60(b) authorizes relief from judgment based on "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).  Even if petitioner

---

[1] Rule 59(e) requires that a motion to alter or amend a judgment be filed within 28 days after the entry of the judgment.

[2] The Adoption Order was entered on September 12, 2011, and Petitioner filed the present motion on February 27, 2012.

provides evidence of extraordinary circumstances, the district court must use its sound discretion in determining whether to grant relief. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006).

### III. DISCUSSION

Petitioner's motion does not seek the relief available under Rule 60(b). Rather, it is another attempt to challenge the constitutionality of his conviction. Petitioner's motion focuses on the alleged errors committed by the sentencing court and does not suggest that this Court's Adoption Order was entered in error or was the result of fraud. Further, Petitioner has not come forward with any new evidence that would support an alteration of the previous Order. Finally, the Court did not rule on Petitioner's habeas petition; it merely denied the petition without prejudice because it was not ripe for consideration. Until Petitioner exhausts his state court remedies, the Court cannot consider the merits of his federal habeas petition.

Although Petitioner suggests that he has since filed a direct appeal and a state habeas petition, the Court has not found any record of these filings. Moreover, a motion for reconsideration is not the correct avenue for reasserting a petition that was dismissed without prejudice. If Petitioner

did in fact exhaust his state court remedies, he should re-file the § 2254 petition with this Court. The Court, however, is unwilling to evaluate the merits of the federal habeas petition at the reconsideration stage.

### IV. CONCLUSION

Based on the foregoing, Petitioner's motion for reconsideration (doc. no. 9) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 12th day of April, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA